```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

PATRICIA KANE,                    )
                                  )
          Plaintiff,              )
                                  )
                                  )   C.A. No. 20-11266-WGY
     v.                           )
                                  )
MASS GENERAL HOSPITAL,            )
                                  )
          Defendants.             )
```

## ORDER

**September 23, 2020**

YOUNG, D.J.

On July 2, 2020, *pro se* litigant Patricia Kane filed a one-page complaint [ECF #1] against Massachusetts General Hospital challenging the involuntary administration of psychotropic medication to her. A subsequent motion [ECF #4] indicates that involuntary commitment proceedings against Kane are pending. For the reasons stated below, the Court orders that this action be dismissed based on *Younger* abstention.

I.  BACKGROUND

In Kane's short pleading, she states that she is bringing claims under 42 U.S.C. § 1983 for "Violation of Procedural Due Process," "Violation of Patients [sic] Liberty Interests," and "Involuntary injection of antipsychotic medication." Kane includes 125 pages of case law with her complaint.

Kane filed her action without paying the $400 filing fee or filing a motion for leave to proceed *in forma pauperis*. On August 27, 2020, the Court entered an order [ECF #3] requiring her to resolve the fee by paying it or filing a motion for leave to proceed *in forma pauperis*. The Court warned Kane that failure to comply with the order within 21 days could result in dismissal of the case without prejudice.

The Clerk mailed a copy of this order and a blank Application to Proceed in District Court Without Prepaying Fees or Costs to Kane at the Barre, Vermont post office box address she had provided on her complaint. However, based on the return address on the envelope in which she mailed her complaint to the Court, it appears that Kane was at McLean Hospital in Belmont, Massachusetts when she mailed her complaint. Kane has not responded to the filing fee order, but it is possible she never received it.

On August 31, 2020, Kane filed a document entitled "Involuntary Commitment & Medication Issues to Be Acclaimed & Motions for Injunctive Relief - & Habeas Corpus" [ECF # 4]. At the top of this document is a reference to "Docket: 2052MH0149" and "Hearing of 7/9/20." *Id.* at 1. In this succinct document, Kane asserts that multiple errors of constitutional magnitude occurred during a commitment proceeding concerning herself, including the wrongful delegation of medical decisions to a

2

psychiatric nurse practitioner, the perjurious and biased testimony of the nurse practitioner, the lack of competent representation, the refusal of the state court to hear relevant testimony, and the lack of danger of imminent harm by Kane (or any other emergency) that would justify her involuntary commitment and involuntary medication.  Kane states that she seeks habeas relief and "relief from involuntary unconstitutional medication and unconstitutional commitment." *Id.* at 4.[1]

## II. DISCUSSION

Upon review of the complaint and emergency motion, the Court will bypass the issue of the filing fee and instead abstain from exercising jurisdiction over the merits of this action.  "Abstention is a devise designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity."  *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010).  "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the

---

[1] Under Kane's signature at the end of this document, she provides an address at McLean Hospital.  *See id.*

parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir. 1993) (footnote omitted). Under *Younger* abstention, see *Younger v. Harris*, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall*, 604 F.3d at 664 (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)). *Younger* abstention is even appropriate where litigants "claim violations of important federal rights," *In re Justices of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved *somewhere* in the state process," *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Here, the Court would "needlessly inject" itself in a pending state proceeding if it were to consider Kane's claims. The Court has no reason to believe that Kane will not have an opportunity to raise all pertinent issues within the state court system, whether in front of the trial court or on appeal.

### III. CONCLUSION

Accordingly, the Court orders that this action be DISMISSED without prejudice on the ground of *Younger* abstention. In light of the dismissal, the pending motions shall be terminated as moot.

The Clerk shall send a copy of this order to Kane at the Belmont, Massachusetts and Barre, Vermont addresses she has provided.

SO ORDERED.

*William G. Young*
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE